(85 Misc. Rep. 16)

### ALBERT v. MILLER.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

REFERENCE (§ 76*) — COMPENSATION OF REFEREE — STIPULATION AND AGREEMENTS.

Where the parties to a reference at the first hearing by stipulation waived the referee's fees as fixed by statute, and agreed that he should charge a specified rate for his services, "the same to be taxed as a cost against the estate in the first instance," the referee could not recover against the parties individually upon the stipulation until the costs had been taxed by the surrogate.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Manhattan, First District. Action by Arthur J. Albert against Gordon D. Miller, impleaded with another. From a judgment for plaintiff, defendant Miller appeals. Reversed, and complaint dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

L. E. Warren, of New York City, for appellant.

Hill, Lockwood, Redfield & Lydon, of New York City (Richard P. Lydon, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff's assignor was appointed referee in a proceeding in the Surrogate's Court, wherein the defendant Gordon D. Miller sought settlement of his account as executor of Alexander D. Miller, deceased, and the defendant Mary Ella Miller filed objections to his account. At the first hearing, the following stipulation was entered on the record:

"It is stipulated by and between the respective parties that the referee's fees as fixed by statute be waived, and that he charge at the rate of $10 per hour, or for each fraction over, while engaged in the business of the reference, and $10 for each adjournment, where less than 24 hours' notice of such adjournment is given; the same to be taxed as a cost against the estate in the first instance."

The referee thereupon held a number of hearings, and filed a report showing a balance in the estate of $92.04. He now seeks to hold the defendant Gordon D. Miller liable individually for the sum of $420, the amount of his fees charged at the rate fixed by the stipulation.

In the case of Bottome v. Neeley, 124 App. Div. 601, 109 N. Y. Supp. 120, affirmed on opinion of Houghton, J., 194 N. Y. 575, 88 N. E. 1115, the court held that, by stipulation entered into at the beginning of a reference, the parties and the referee may contract as to the manner in which the referee is to be paid for his services, and that such express contract is then substituted for the ordinary implied contract arising by reason of the rendition of services to the parties.

"As a general rule, in the absence of a stipulation or contract, parties to a litigation are liable to the referee and stenographer for their services. The rule is not so inflexible, however, that it cannot be varied by express contract or by a stipulation which amounts to the same thing."

In this case the referee agreed that the costs be taxed as a cost against the estate in the first instance. It seems to me that, by a fair construction of this stipulation, he agreed that he would not look to the parties individually until the costs had been taxed by the surrogate. As was said in Bottome v. Neeley, supra:

"It is very problematical if the surrogate would ever allow the fees at any such sum as charged. It does not change the situation that plaintiff has brought his action on quantum meruit. By an action in such form he cannot escape the express bargain which his assignors made."

In this case apparently the conditions of the contract have not yet been complied with, and therefore the plaintiff has failed to make out a cause of action.

Judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.